UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| WALLACE JAMES BEAULIEU,<br><br>      Plaintiff,<br><br>v.<br><br>JAMES E. PREECE, Beltrami County District Court Judge, TERRY HOLTER, Beltrami County District Court Judge, SHARI RAE SCHLUCHTER, Beltrami County District Attorney, PAUL RASMUSSEN, Assistant Beltrami County Attorney,  VANCE B. GRANNIS III, Assistant Beltrami County Attorney, LARRY KIMBALL, Indian Legal Assistance Program, DWIGHT STEWART, Beltrami County Sheriff, and BETH ZELLER, Beltrami County Deputy Sheriff,<br><br>      Defendants. | Civil No. 14-552 (DWF/JSM)<br><br>**REPORT AND RECOMMENDATION** |

This case is before the undersigned United States Magistrate Judge on Plaintiff's application for leave to proceed in forma pauperis, ("IFP"), as permitted by 28 U.S.C. § 1915(a)(1). (Docket No. 2.) The matter has been referred to this Court for a Report and Recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court will recommend that plaintiff's IFP application be denied, and that this action be dismissed without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**I.     BACKGROUND**

Plaintiff is a civilly committed detainee at the Minnesota Sex Offender Program, ("MSOP"), in Moose Lake, Minnesota. He was civilly committed after a Minnesota state district court found that he had sexually assaulted four different victims between 1990 and

2002.  Beaulieu v. Minnesota Dept. of Human Services, 825 N.W.2d 716, 718 (Minn. 2013).[1]  In the 1990 matter, plaintiff was convicted of third-degree criminal sexual conduct,

---

[1] The Minnesota Supreme Court summarized the four sexual assaults as follows:

> "In 1990, the State filed criminal charges against Beaulieu alleging that he beat and repeatedly sexually assaulted his adult female cousin, M.L.H. Beaulieu pleaded guilty, entering Alford pleas to third-degree criminal sexual conduct, third-degree assault, and kidnapping.  Later, during examinations for the commitment trial, Beaulieu admitted that he beat, sexually assaulted, and threatened to kill M.L.H.  The district court found the State proved by clear and convincing evidence that Beaulieu sexually assaulted M.L.H.
>
> In 1992, while Beaulieu was still on probation for the 1990 incident, the State filed criminal charges against Beaulieu alleging that he sexually assaulted a 13–year–old girl, T.L.K.  Beaulieu again pleaded guilty, entering an Alford plea to third-degree criminal sexual conduct.  During examinations for the commitment trial, Beaulieu admitted he sexually assaulted T.L.K.  Based on the evidence presented at the civil commitment trial, the district court found the State proved by clear and convincing evidence that Beaulieu sexually assaulted T.L.K.
>
> In 1999, the State filed criminal charges against Beaulieu alleging that he sexually assaulted a 26–year–old female, T.H.  Beaulieu pleaded not guilty and demanded a jury trial.  Concluding that the State had not proven beyond a reasonable doubt that Beaulieu sexually assaulted T.H., the jury found Beaulieu not guilty in the criminal case.  At the civil commitment trial, T.H. renewed her testimony that Beaulieu sexually assaulted her.  The district court found the State proved by clear and convincing evidence that Beaulieu sexually assaulted T.H.
>
> In 2002, the State filed criminal charges against Beaulieu alleging that he sexually assaulted an adult female, B.L.S.  Beaulieu pleaded not guilty and demanded a jury trial. Concluding that the State had not proven beyond a reasonable doubt that Beaulieu sexually assaulted B.L.S., the jury found Beaulieu not guilty in the criminal case.  At the civil commitment trial, B.L.S. renewed her testimony that Beaulieu sexually assaulted her.  Based on the evidence presented at the civil commitment trial, the district court found the State proved by clear and convincing evidence that Beaulieu sexually assaulted B.L.S."

Beaulieu v. Minnesota Dept. of Human Services, 825 N.W.2d 716, 719 (Minn. 2013).

third-degree assault, and kidnapping.  Id.; see also Beaulieu v. State, No. A12-289 (Minn.App. 2012), 2012 WL 5896784 (unpublished opinion) at *1, rev. denied, Feb. 19, 2013.

Plaintiff is now attempting to sue several individuals who were involved in the prosecution, adjudication and affirmation of his 1990 state court criminal case.  The named defendants in this action include two state court judges, (James E. Preece and Terry Holter), three prosecutors, (Shari Rae Schluchter, Paul Rasmussen, and Vance B. Grannis III), a court-appointed attorney, (Larry Kimball), and two law enforcement officials, (Dwight Stewart and Beth Zeller).  (Complaint, [Docket No. 1], pp. 3-5.)  Plaintiff claims that defendants violated his federal constitutional rights during the course of his 1990 state court case.  (Id., pp. 6-9.)  According to plaintiff's Complaint, defendants failed to disclose certain allegedly exculpatory evidence, which could have exonerated plaintiff from the criminal charges involved in his 1990 state court case.  (Id.)

Plaintiff further alleges that his 1990 criminal conviction was "used as 'Evidence of Harmful Sexual Conduct' for purposes of plaintiff's [current] civil commitment."  (Id., p. 9, ¶ 20.)  This allegation is confirmed by the Minnesota Supreme Court's decision in Beaulieu v. Minnesota Dept. of Human Services, supra.  In other words, plaintiff's civil commitment was based, at least in part, on his conviction in the 1990 criminal case cited in his current complaint.

Plaintiff presently is requesting "declaratory and injunctive relief ordering the State of Minnesota to Exonerate plaintiff of the Crime of Criminal Sexual Conduct at issue in this matter, and Expunge plaintiff[']s record of, and destroy all existing records maintained by any agency of this conviction."  (Complaint, p. 11, "Relief.") Plaintiff is also seeking a

judgment for compensatory damages in the amount of $12.2 million, and punitive damages in the amount of $12 million. (Id.)

## II. DISCUSSION

An IFP application will be denied, and the action will be dismissed, when an IFP applicant has filed a complaint that fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam). In this case, Plaintiff is seeking relief under 42 U.S.C. § 1983 for alleged violations of his federal constitutional rights. However, plaintiff has failed to state a cognizable § 1983 cause of action, because his claims are barred by the Supreme Court's decisions in Preiser v. Rodriguez, 411 U.S. 475 (1973), and Heck v. Humphey, 512 U.S. 477 (1994).

Plaintiff's complaint is fatally defective, because he is expressly challenging the validity of a judgment entered against him in a Minnesota state court criminal case. He claims that his federal constitutional rights were violated during the course of the 1990 state court case described in his complaint, and he is explicitly requesting that the conviction entered against him in that case be "Expunge[d]."

It is well settled, however, that habeas corpus is the exclusive means by which federal courts can review state criminal convictions. In Eutzy v. Tesar, 880 F.2d 1010, 1011 (8th Cir. 1989), the Eighth Circuit Court of Appeals plainly stated that "we accept as fundamental the fact that Congress intended habeas corpus to be the exclusive federal remedy for all who seek to attack state court convictions," citing Preiser, 411 U.S. at 500, (emphasis added). Because plaintiff is seeking to vacate a judgment entered against him in a state criminal case, his exclusive federal remedy is a writ of habeas corpus.

Even if plaintiff were seeking only money damages, he could not bring a lawsuit in federal court if a judgment in his favor would imply that a prior state criminal conviction is invalid. In Heck, the Court held:

> "[I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid..., a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.... A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983."

512 U.S. at 486-87 (footnote omitted); see also, Sheldon v. Hundley, 83 F.3d 231, 233 (8th Cir. 1996) ("Heck requires favorable termination of the action in an authorized state tribunal or a federal habeas corpus court, even if the claim is for damages rather than earlier release").

Plaintiff obviously believes that his constitutional rights were violated during the course of his 1990 state court criminal case, and that he should be granted relief for his allegedly wrongful conviction. But again, civil rights claims based on constitutional improprieties that allegedly occurred during a state court criminal case cannot properly be raised in a federal civil rights action, unless the claimant first establishes in a proper forum -- i.e., in some state court proceeding or appeal, or in a federal habeas corpus action – that the conviction at issue was, in fact, constitutionally invalid. Because the conviction cited in plaintiff's complaint has not been vacated in a proper forum, plaintiff cannot pursue any claim for relief that is based on the alleged invalidity of that conviction.[2]

---

[2] The fact that plaintiff is not currently imprisoned does not alter Heck's applicability; he still cannot bring civil rights claims that would, if vindicated, cast doubt on the legality

### III.   CONCLUSION

In sum, the Court finds that a judgment in plaintiff's favor in this case would necessarily undermine the validity of his conviction in the 1990 state court criminal case cited in the current complaint.  Indeed, plaintiff is specifically requesting a judgment that would "expunge" his 1990 conviction.  Therefore, plaintiff's current civil rights action is plainly barred by Preiser and Heck, and this case must be summarily dismissed for failure to state a cause of action on which relief can be granted.  However, the Court will recommend that this case be dismissed without prejudice, so that plaintiff will be able to renew the claims that he is attempting to bring here, if the conviction at issue is ever vacated in a proper forum.  See Schafer v. Moore, 46 F.3d 43, 45 (8th Cir.1995) (per curiam) (action barred by Heck should be dismissed without prejudice).[3]

---

of his previous confinement.  See Entzi v. Redmann, 485 F.3d 998, 1003 (8th Cir. 2007) ("'the principle barring collateral attacks – a longstanding and deeply rooted feature of both the common law and our own jurisprudence – is not rendered inapplicable by the fortuity that a convicted criminal is no longer incarcerated'"), cert. denied, 552 U.S. 1285 (2008), quoting Heck, 512 U.S. at 490, n. 10; see also Abdullah v. Minnesota, 261 Fed.Appx. 926, 927, (8th Cir. 2008), (claimant's "inability to obtain habeas relief does not preclude application of Heck").  Other federal circuit courts have held that, at least under some circumstances, Heck may not be applicable when a civil rights claimant is challenging a prison sentence that he is no longer serving.  See e.g., Wilson v. Johnson, 535 F.3d 262, 267 (4th Cir. 2008).  However, this Court obviously must follow the Eighth Circuit's ruling in Entzi – i.e., even if a claimant is no longer in custody, Heck still bars a claim that effectively challenges the legality of some prior term of confinement.  See Clark v. McLean County, No. 1:08-cv-75 (D.N.D. 2008), 2008 WL 5236036 at *10 ("there is a split in the federal circuit courts in terms of whether the bar imposed by Heck's 'favorable termination rule' applies when a person is not in custody and habeas relief is no longer available," but a district court within the Eighth Circuit is bound to follow Entzi).  See also Newmy v. Johnson, No. 3:13CV00132 JLH-JTR, (E.D.Ark. 2013), 2013 WL 2552734 at *2 (acknowledging a split in the circuits, but concluding that "[t]his Court is in the Eighth Circuit and is bound by Eighth Circuit precedent" – i.e., Entzi).

   [3]  As stated in the text, plaintiff's civil rights claims are to be dismissed without prejudice so that he will be able to reassert those claims in a future lawsuit, if he ever

6

Having determined that this action must be summarily dismissed, the Court will further recommend that plaintiff's pending IFP application be summarily denied.

## IV. RECOMMENDATION

Based upon the foregoing and all of the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Plaintiff's application for leave to proceed in forma pauperis, (Docket No. 2), be **DENIED**; and

2. This action be **DISMISSED WITHOUT PREJUDICE**, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Dated:    March 14, 2014

*s/ Janie S. Mayeron*
JANIE S. MAYERON
United States Magistrate Judge

---

secures a judgment, in a proper forum, that invalidates his 1990 state court criminal conviction. However, if Plaintiff ever does secure such a judgment, and if he should thereafter bring a new action seeking relief for injuries resulting from the 1990 conviction, he still will not be able to sue many of the Defendants named in his current complaint. The Court notes that state court judges, (e.g., Defendants James E. Preece and Terry Holter), are absolutely immune from suit for actions performed while acting in a judicial capacity. Pierson v. Ray, 386 U.S. 547, 553-54 (1967); Stump v. Sparkman, 435 U.S. 349, 355-57 (1978); Mireles v. Waco, 502 U.S. 9, 11 (1991). Similarly, state prosecutors, (e.g., Defendants Shari Rae Schluchter, Paul Rasmussen, and Vance B. Grannis III), are immune from suit for actions performed while actively prosecuting state criminal cases. Van De Kamp v. Goldstein, 555 U.S. 335 (2009); Imbler v. Pachtman, 424 U.S. 409 (1976). The Court further notes that only state actors can be sued in a § 1983 civil rights action, and therefore criminal defense attorneys, (e.g., Larry Kimball), normally cannot be sued in such an action. Polk County v. Dodson, 454 U.S. 312 (1981). Thus, as a practical matter, most of the Defendants named in Plaintiff's current complaint could not be sued even if Plaintiff could overcome the bar posed by Preiser and Heck.

7

Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **March 28, 2014**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  A party may respond to the objecting party's brief within ten days after service thereof.  All briefs filed under this rule shall be limited to 3500 words.  A judge shall make a de novo determination of those portions of the Report to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.